UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
CIVIL ACTION NO. _____

FILED
U S DISTRICT COURT
NEW ALBANY DIVISION
11 JUN 22 AM 10: 45
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

KELLEY E. THURMAN            4:11-cv- 073 SEB-WGH     PLAINTIFF
4309 Taggart Road
Louisville, Kentucky 40207

v.

U.S. BANK, NA                                         DEFENDANT
d/b/a U.S. Bank
425 Walnut Street
Cincinnati, Ohio 45202

SERVE:
CT Corporation System
251 E. Ohio Street Suite 1100
Indianapolis, IN 46204

and

U.S. BANCORP                                          DEFENDANT
U.S. Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402

SERVE:
CT Corporation System
251 E. Ohio Street Suite 1100
Indianapolis, IN 46204

## COMPLAINT

Come the Plaintiff, Kelley Thurman (hereinafter "Ms. Thurman" or "Plaintiff"), by counsel, and for her Complaint against the Defendants, U.S. Bank, NA and U.S. Bancorp (hereinafter "U.S. Bank" and "U.S. Bancorp," respectively and "Defendants," collectively) states as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. 1331, 1343, and 2201. This is a suit authorized pursuant to Americans with Disabilities Act ("ADA").

2. The unlawful employment practices complained of herein were committed in New Albany, Indiana, which is within the Southern District of Indiana. Thus, venue and jurisdiction are proper in this Court.

3. The Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission in March 2011. The Plaintiff was issued a Right to Sue Letter March 24, 2011 and received said letter thereafter.

## PARTIES

4. Ms. Thurman is currently employed by the Defendant in the position of Branch Manager.

5. The Defendant, U.S. Bank, is a commercial bank operating in various locations across the United Stated, including New Albany, Indiana, where the Plaintiff was employed.

6. The Defendant, U.S. Bancorp, is the parent company of Defendant U.S. Bank.

## FACTS

7. The Plaintiff began working for the Defendant, U.S. Bank, as a Branch Manager on March 1, 2010.

8. The Plaintiff is legally blind.

9. During her interview leading up to her employment with the Defendant, U.S. Bank, in March 2010, the Plaintiff disclosed her eyesight problems to the Defendant, U.S. Bank, and explained that these problems would require certain specific accommodations.

10. With the use of a small, portable closed circuit television, hand magnifiers, and magnification software, the Plaintiff was qualified and able to carry out the requirements of her position with

the Defendant, U.S. Bank.

11. During June 2010, the Plaintiff's manager, Michael Wallace, came to the Plaintiff's branch on a site visit.

12. During this visit Mr. Wallace observed the accommodations for the Plaintiff's disability in use for the first time.

13. After Mr. Wallace observe the accommodations the Plaintiff was receiving for her disability, he began treating her differently and heavily scrutinizing her work.

14. On January 26, 2011, the Plaintiff was placed on an unwarranted 90-day Performance Action Plan and was told if her performance did not improve, she would be fired.

15. On May 20, 2011, the work environment at the Plaintiff's Branch became so hostile she was forced to resign.

## CAUSES OF ACTION

### I. Disability Discrimination

16. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

17. The Defendants are employers as that term is defined by the ADA.

18. Plaintiff is a qualified individual with a disability as defined in the ADA.

19. Plaintiff was and continues to be qualified to perform her job duties with a reasonable accommodation.

20. The actions taken against the Plaintiff by the Defendants constitute adverse employment actions.

21. The Defendants knew or had reason to know of Plaintiff's disability.

22. The adverse actions committed against the Plaintiff by the Defendants have a causal connection to, and are based solely upon, her disability.

23. The Defendants' proffered legitimate nondiscriminatory reasons for the adverse actions against

the Plaintiff, if any, are pretextual.

24. The Defendants' conduct violated the ADA.

## II.  Retaliation

25. The Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

26. The Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation for her disability.

27. The Plaintiff was subjected to ongoing adverse employment actions from the Defendants as a result of her protected activity.

28. A reasonable employee in the Plaintiff's position would have found the Defendants' actions materially adverse.

29. There exists a causal connection between the Defendants' materially adverse actions toward the Plaintiff and her protected activity.

30. The Defendants' proffered legitimate nondiscriminatory reasons for its adverse actions toward the Plaintiff, if any, are pretextual.

31. The Defendants' conduct violated the ADA's anti-retaliation provision.


WHEREFORE, the Plaintiff demands as follows:

1. Judgment against the Defendants.

2. Judgment against the Defendants for substantial actual, compensatory, and punitive damages, including, but not limited to back pay, front pay, and damages for embarrassment and humiliation, in amounts to be precisely determined by a jury of her peers.

3. Pre-judgment and post-judgment interest at the maximum allowable rate.

4. A trial by jury.

5. A reasonable fee for her attorneys of record.

6. Her costs expended herein.

7. Leave to amend this Complaint as proof develops.

8. Any and all other relief to which the Plaintiff may be entitled.

Dated: June 22, 2011

Respectfully submitted,

/s/ Samuel G. Hayward
Samuel G. Hayward
ADAMS, HAYWARD & WELSH
4036 Preston Highway
Louisville, Kentucky 40213
Phone: (502) 366-6456
Fax: (502) 366-1105
samuelghayward@hotmail.com
Counsel for Plaintiff